# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES E. WALKER,

        Appellant,

        v.

OFFICE OF PERSONNEL
  MANAGEMENT,

        Agency.

DOCKET NUMBER
DA-831M-13-4525-X-1

DATE: December 9, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James E. Walker</u>, Conroe, Texas, pro se.

<u>Christopher H. Ziebarth</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The administrative judge issued a compliance initial decision finding the agency noncompliant with the December 17, 2013 final order in the underlying appeal, MSPB Docket No. DA-831M-13-4525-I-1. *See* MSPB Docket No.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

DA-831M-13-4525-C-2, Compliance Initial Decision (CID) (Aug. 26, 2014). For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2     On December 17, 2013, the administrative judge issued an initial decision reversing the agency's reconsideration decision, which determined that the appellant received an annuity overpayment of $82,395.70. MSPB Docket No. DA-831M-13-4525-I-1, Initial Decision (ID) at 5 (Dec. 17, 2013). The administrative judge ordered the agency to stop collection of the $82,395.70 overpayment and pay the appellant whatever amount it had erroneously deducted from his annuity. ID at 5. Neither party filed a petition for enforcement, and the initial decision became the final decision of the Board.

¶3     Following the appellant's petition for enforcement, the administrative judge found the agency noncompliant with the December 17, 2013 decision because, although it stopped collection of the overpayment and refunded its previous deductions, it continued to deduct $200 per month from the appellant's annuity. CID at 3-5. The administrative judge rejected the agency's contention that the $200 monthly deduction was required by statute, noting that this contention was based on the reconsideration decision reversed by the Board. CID at 4-5. The administrative judge ordered the agency to stop its collection efforts, repay the amounts deducted from the appellant's annuity, and provide the appellant an explanation of its calculations. CID at 5.

¶4     On October 24, 2014, the agency submitted evidence of compliance, including evidence that it stopped collection of the $200 monthly deduction, refunded $19,030.00, and provided the appellant various explanations and

calculations. MSPB Docket No. DA-831M-13-4525-X-1, Compliance Referral File (CRF), Tab 3 at 4-5. The appellant did not respond.[2]

¶5  When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶6  Because the agency has filed evidence of apparent compliance and the appellant has failed to respond, we find the agency in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees

---

[2] The appellant submitted a letter on October 7, 2014, stating that the agency had failed to comply with the administrative judge's original timeline, *see* CRF, Tab 4; however, he did not respond after the agency filed its compliance submission on October 24, 2014.

WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of

attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.